# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

POLARIS INDUSTRIES, INC., and DOES ONE through TEN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN ROBISON

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
09/01/2017
jmora
By _____, Deputy
Case Number:
**34-2017-00218498**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* County of Sacramento
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Jon Jacobs; 5701 Lonetree Blvd., Suite 202; Rocklin, CA 95765; (916) 663-6400

DATE: **SEP - 1 2017**
*(Fecha)*

Clerk, by **J. MORA**, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Polaris Industries, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9-18-2017

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

RECEIVED
- 1 2017
CIVIL

Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500

Attorneys for Plaintiff
STEVEN ROBISON

FILED
Superior Court Of California,
Sacramento
09/01/2017
jmora
By_____, Deputy
Case Number:
34-2017-00218498

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SACRAMENTO

STEVEN ROBISON,

    Plaintiff,

v.

POLARIS INDUSTRIES, INC., and DOES ONE through TEN,

    Defendant.

CASE NO.:

**COMPLAINT FOR DAMAGES AND INJUNTIVE RELIEF**

Violations of:

- Song–Beverly Consumer Warranty Act (Express and Implied Warranties)
- Magnuson–Moss Warranty Act (Express and Implied Warranties)
- Consumer Legal Remedies Act

**UNLIMITED JURISDICTION DAMAGES EXCEED $25,000**

Plaintiff alleges:

### FACTS COMMON TO ALL COUNTS

1. Defendant POLARIS INDUSTRIES, INC. ("Polaris") is a duly authorized corporation doing business in Sacramento County, California.

2. Plaintiff STEVEN ROBISON ("Plaintiff") is ignorant of the true names and/or capacities of the Defendants sued herein under the fictitious names DOES ONE through TEN. They are sued herein pursuant to C.C.P. § 474. When Plaintiff becomes aware of the true names and/or capacities of these Defendants, Plaintiff will amend this Complaint to state their true names and capacities.

3. On or about December 2, 2015, Plaintiff purchased a 2016 Polaris RZR Turbo XP, VIN: 3NSVDE923GF462641 ("Unit") in California, which was manufactured and/or

1

Robison v. Polaris          Complaint

distributed, and warranted, by Polaris.

4. In connection with the transaction, Polaris issued to Plaintiff express warranties within the meaning of Cal. Civ. Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express warranties, Polaris promised that the Unit's materials and workmanship would be free of defects, undertook to preserve and maintain the utility and performance of the Unit, and to provide compensation if there is any failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Unit.

5. Plaintiff purchased the Unit primarily for personal, family, or household purposes.

6. Subsequent to Plaintiff's purchase, the Unit did not perform as stated for the time specified, and did not match the quality as set forth in the warranties. The Unit exhibited numerous defects and nonconformities covered by the warranties.

7. Plaintiff delivered the nonconforming Unit to Polaris and/or its authorized repair facilities for repairs pursuant to the terms of the warranties. After a reasonable number of repair opportunities, Polaris has failed to repair the Unit to match the express warranties provided.

### FIRST CAUSE OF ACTION
### Breach of Express Warranty—Song–Beverly Consumer Warranty Act
### Against Polaris

8. Plaintiff incorporates all preceding paragraphs.

9. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1791(b).

10. The Unit is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

11. Polaris is a manufacturer and/or distributor as defined respectively in Civil Code §§ 1791(j), (e).

12. Polaris is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

13. Plaintiff's purchase of the Unit was a "sale" as defined by Cal. Civ. Code § 1791(n).

14. Polaris violated the Song–Beverly Consumer Warranty Act by failing to conform the Unit to the express written warranties within a reasonable number of repair opportunities and/or within the warranty periods, and by failing to promptly replace the Unit or make

restitution to Plaintiff.

15. Plaintiff has not made unreasonable or unintended use of the Unit.

16. Pursuant to Cal. Civ. Code § 1793.2(d), Polaris must refund the price of the Unit to Plaintiff.

17. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

18. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiff has sustained, and continues to sustain, actual, incidental and consequential damages in the approximate amount of $26,878.87 according to proof.

19. The failure of Polaris to comply with the Song–Beverly Act was willful in that Polaris had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund or replacement.

20. Pursuant to Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of Plaintiff's actual damages.

21. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### SECOND CAUSE OF ACTION
### Breach of Implied Warranty—Song–Beverly Consumer Warranty Act
### Against All Defendants

22. Plaintiff incorporates all preceding paragraphs.

23. Pursuant to Cal. Civ. Code § 1792, the Unit was accompanied by each defendant's implied warranty that the goods are merchantable.

24. Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, each defendant may not disclaim, limit, or modify the implied warranties provided by the Song–Beverly Act.

25. Each defendant breached the implied warranty of merchantability as stated in Cal. Civ. Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Unit unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

26. Pursuant to Cal. Civ. Code § 1794(a), Plaintiff is entitled to restitution.

27. As a direct and proximate result of said breach of implied warranty, Plaintiff has sustained and continues to sustain, actual, incidental and consequential damages in the approximate amount of $26,878.87 according to proof.

28. Pursuant to Cal. Civ. Code § 1794(d), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### THIRD CAUSE OF ACTION
### Violations of the Magnuson–Moss Warranty Act
### Against Polaris

29. Plaintiff incorporates all preceding paragraphs.

30. The Unit is a "consumer product" as defined by 15 U.S.C. § 2301(1).

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3).

32. Polaris is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. §§ 2301(4) and (5).

33. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

34. Polaris violated the Magnuson–Moss Warranty Act by failing to conform the Unit to the express written warranties within a reasonable number of repair attempts, a reasonable amount of time, or within the warranty periods. Polaris failed to cure its failure to comply with the Act.

35. Prior to commencing this action, Plaintiff afforded Polaris reasonable opportunities to cure the failures and to comply with the Act.

36. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance of the Unit and rescinds the contract. Plaintiff is entitled to restitution of all consideration given.

37. As a proximate result of the violations of the Act, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $26,878.87.

38. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses

reasonably incurred in connection with this action.

## FOURTH CAUSE OF ACTION
### Breach of Implied Warranty—Magnuson–Moss Warranty Act
### Against All Defendants

39. Plaintiff incorporates all preceding paragraphs.

40. Pursuant to 15 U.S.C. § 2301(7), the breaches by each defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson–Moss Warranty Act.

41. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiff is entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiff revokes acceptance, rescinds the contract, and claims full restitution.

42. As a proximate result of the breaches of implied warranties, Plaintiff has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $26,878.87.

43. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## FIFTH CAUSE OF ACTION
### Violation of Consumers Legal Remedies Act
### Against Polaris

44. Plaintiff incorporates all preceding paragraphs herein.

45. At this time Plaintiffs only seek injunctive relief under this Cause of Action, for an Order that Polaris be stopped from selling UTVs in California until such time as it agrees to fully correct and repair the potentially deadly defects and nonconformities that are present in the UTV. Polaris continues to sell UTVs with potentially deadly defects, and fails to perform any repair work or take any corrective action regarding the deadly defects prior to sale. Plaintiffs reserve the right to seek monetary damages if Polaris fails to resolve this matter within thirty days after service of this Complaint.

46. Polaris is a "person" as that term is defined in Cal. Civ. Code § 1761(c).

47. The above-described sale of the Unit is a "transaction" as that term is defined in Cal. Civ. Code § 1761(e).

48. Polaris possessed knowledge of the defects, non-conformities, and condition of the Unit prior to the sale of the Unit to Plaintiff.
49. The defects, non-conformities, and condition of the Unit are material facts that Polaris was required to disclose, as the defects, non-conformities, and condition of the Unit posed serious safety risks to Plaintiff.
50. Polaris failed to disclose these material facts to Plaintiff prior to the sale of the Unit.
51. Plaintiff would not have purchase the Unit had these material facts been disclose prior to the sale.
52. Polaris's failure to disclose these material facts was intended to, and did, result in the sale of the Unit to Plaintiff.
53. Polaris violated Civil Code § 1770, subdivisions (a)(1), (a)(2), (a)(5), (a)(7), (a)(9), (a)(14), and (a)(16) at the time of sale and each and every time thereafter that it failed to disclose, failed to repair, and/or failed to authorize necessary warranty repair work on the Unit while it was at Polaris's service department/dealer when such repair(s) may have or would have remedied the Unit's problems.
54. Polaris again violated these same subsections every time it sent Plaintiff back out on the road with a defective Unit.
55. Polaris violated these same subsections when it took Plaintiff's money and sold the Unit to Plaintiff representing it had been thoroughly inspected and was free of problems or defects.
56. Polaris knew the material facts posed serious safety hazards to Plaintiff prior to selling the Unit to Plaintiff, as evidenced by the fact that Polaris published numerous recalls prior to and/or shortly after selling Unit to Plaintiff.
57. Polaris, through the express warranty provided, represented to Plaintiff the material fact the warranty contract would cover any failure in utility or performance, including failure of the aforementioned parts, and concealed and suppressed from Plaintiff the material fact that many such parts were defectively designed and/or installed and/or manufactured, and that Polaris did not intend to honor warranty claims for failures of such parts.

Plaintiff was unaware of the falsity of the representations and unaware of the concealed facts. Plaintiff acted in reliance on the truth of the representations and would not have bought the Unit, nor continued to own it and/or continue to have it serviced under warranty.

58. Plaintiff was justified in relying upon the truth of the representations because Plaintiff had no knowledge of any facts indicating that the promises made in Polaris's warranty or those made by Polaris ensuring it could fix the Unit, should not be believed.

59. Because of said violations, Plaintiff is entitled to rescind the contract and to obtain restitution of all consideration paid. Under Civil Code § 1780(a)(1) Plaintiff hereby rescinds the contract and respectfully under the law demands full restitution of all money paid pursuant to said contract.

60. Under Civil Code § 1780(d), Plaintiff is entitled to costs and reasonable attorneys' fees according to proof.

## PRAYER FOR RELIEF

(1) A declaration that the sales contract is rescinded;

(2) A declaration that Polaris has been given a reasonable number of repair attempts and/or days to conform the Unit to the warranty;

(3) Actual damages according to proof;

(4) Restitution of all consideration given by Plaintiff and/or paid out toward the Unit;

(5) Civil penalties under the Song-Beverly Act in the amount of two times actual damages;

(6) Reasonable attorneys' fees according to proof;

(7) Costs and expenses reasonably incurred in connection with this action; and

(8) Such other relief as the Court deems just and proper.

Dated: August 29, 2017

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
STEVEN ROBISON

Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500

Attorneys for Plaintiff
STEVEN ROBISON

FILED
Superior Court Of California,
Sacramento
09/01/2017
jmore
By_____, Deputy
Case Number:
**34-2017-00218498**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| STEVEN ROBISON,<br><br>Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES, INC.; and DOES ONE through TEN,<br><br>Defendant. | CASE NO.:<br><br>**DECLARATION OF RYAN H. GOMEZ FOR FILING OF COMPLAINT** |

I, Ryan H. Gomez, declare:

1. I am an attorney at law duly admitted to practice before the courts of the State of California and am the attorney of record for Plaintiff STEVEN ROBISON.

2. The following declaration is made upon my own true knowledge and belief of the events which have occurred in this matter.

3. The Complaint filed concurrently herewith is filed in a proper place for the trial thereof, for the reason(s) checked below:

☐ This is the county in which the subject matter of the action, or a substantial portion thereof, occurred;

☐ This is the county in which the person against whom the action is brought resides;

☒ This is the county in which the person against whom the action is brought has its principal place of business or is doing business; and/or

1

Robison v. Polaris                                                                                                  Declaration

1 ☐ This is the county in which the parties entered into the subject transaction.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Rocklin, California.

Dated: August 29, 2017

LAW OFFICES OF JON JACOBS

_____
Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiff
STEVEN ROBISON

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jon P. Jacobs (SBN 205245); Ryan H. Gomez (SBN 305208)<br>Law Offices of Jon Jacobs<br>5701 Lonetree Blvd., Suite 202<br>Rocklin, CA 95765<br>TELEPHONE NO.: (916) 663-6400   FAX NO.: (916) 663-6500<br>ATTORNEY FOR (Name): Plaintiff, Steven Robison | **FILED**<br>Superior Court Of California,<br>Sacramento<br>09/01/2017<br>jmora<br>By _____, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Sacramento<br>STREET ADDRESS: 720 Ninth Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Civil | |
| CASE NAME:<br>Robison v. Polaris Industries, Inc.; and Does 1-10 | |
| **CIVIL CASE COVER SHEET**   Complex Case Designation | CASE NUMBER:<br>34-2017-00218498 |
| ☑ Unlimited  ☐ Limited   ☐ Counter  ☐ Joinder<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less)   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☑ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Five
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 29, 2017

Ryan H. Gomez
(TYPE OR PRINT NAME)   ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in Item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

| | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | |
| SHORT TITLE: Robison vs. Polaris Industries Inc | |
| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2017-00218498-CU-BC-GDS |

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 03/08/2018 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 09/05/2017

*David W. Abbott*

David W. Abbott, Judge of the Superior Court



## SUPERIOR COURT OF CALIFORNIA
### County of Sacramento
720 Ninth Street
Sacramento, CA 95814-1380
(916) 874-5522—Website www.saccourt.ca.gov

### Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court. A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.



Superior Court of California, County of Sacramento
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases*, Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



Superior Court of California, County of Sacramento
Case Management

## Arbitration

### UNLIMITED CIVIL CASES

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

### LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

### Additional Information

For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.